NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARL HUNTER, | No. 18-55747 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-05432-RGK-AS |
| v. | |
| FIDELITY CREDITOR SERVICE, INC., a California corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted March 12, 2019**

Before:    LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Karl Hunter appeals from the district court's entry of default judgment in his

action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and

the Rosenthal Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review for

clear error the factual determinations underlying an award of attorney's fees and de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo the legal premises a district court uses to determine an award.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 977 (9th Cir. 2008).  We affirm.

The district court did not err in determining attorney's fees pursuant to a local rule because Hunter presented no adequate evidence on the reasonableness of the attorney's fees award.  *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018) (explaining that in a default judgment, if a party seeks to avoid the fees set forth in a local rule, it must show that the requested fee is "reasonable" under the lodestar method).

Contrary to Hunter's contention, the district court was not required to hold an evidentiary hearing on actual damages.  *See* Fed. R. Civ. P. 55(b)(2)(B) (the district court "*may* conduct hearings . . . when, to enter or effectuate the judgment, it needs to: . . . determine the amount of damages" (emphasis added)).

**AFFIRMED.**